# ORIGINAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

___ Priority
_✓_ Send
___ Clsd
_✓_ Enter
___ JS-5/JS-6
___ JS-2/JS-3

Case No.: CV 00-07610 GHK (CTx)                    Date: August 7, 2000

Title:    Roman Salicki v. OK! Magazine & Northern & Shell, PLC

========================================================================
DOCKET ENTRY
========================================================================

PRESENT: Hon. George H. King, United States District Judge

Beatrice Herrera                        None Present
Deputy Clerk                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT:

None Present                            None Present

PROCEEDINGS:   Defendants' Motion to Dismiss for Lack of Personal
               Jurisdiction

   This matter is before the court on Defendants' motion to
dismiss for lack of personal jurisdiction under Federal Rule of
Civil Procedure 12(b)(2). The court has fully considered the
briefs and papers pertaining to this matter. This motion is
appropriate for resolution without oral argument. Fed. R. Civ.
P. 78; Local Rule 7.11. We rule as follows:

   Although Defendants are the moving parties on this motion to
dismiss, Plaintiff bears the burden of proof on the necessary
jurisdictional facts (e.g. the existence of "minimum contacts"
between Defendants and this forum). See Flynt Distrib. Co., Inc.
v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984).

   Here, Plaintiff makes no attempt to respond to Defendants'
arguments that they have insufficient contacts with this forum to
justify exercising either general or specific personal
jurisdiction over them.[1] Instead, Plaintiff argues that his

---

[1] Having no reason to doubt Defendants' claims, we conclude
that Defendants do in fact lack sufficient contacts with this
forum to justify our exercising either general or specific
jurisdiction over them.

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

prior course of dealings with Defendants, based on two prior invoices sent to Defendants, indicates that Defendants have consented to being haled into court in California.

While a written forum-selection clause can serve as prima facie evidence that personal jurisdiction is proper as to a signing party, see Kevlin Servs., Inc. v. Lexington State Bank, 46 F.3d 13, 15 (5th Cir. 1995), Plaintiff ignores the fact that his prior invoices contain no such clause.[2] The only two clauses in these invoices which even reference any type of forum are contained in paragraphs twelve and thirteen.

Paragraph twelve provides that all disputes between the parties (except those mentioned in paragraph thirteen) are to be arbitrated in Los Angeles, California, and that the judgment of the arbitration may be entered in any court having jurisdiction.[3] This paragraph then goes on to state that any dispute involving a claim under the small claims court jurisdictional maximum can be brought in any court having jurisdiction thereof.[4]

Nothing in this paragraph establishes that Defendants have consented to litigate disputes such as this one in the Central District of California.

Paragraph thirteen provides that Defendants consent to the jurisdiction of the federal courts with respect to claims by Plaintiff under the Copyright Act of 1976. However, Plaintiff's

---

[2] Moreover, we have significant doubts as to whether these invoices can even illustrate a prior course of dealing between the parties. Ample evidence indicates that these invoices were never actually accepted by Defendants, and thus would not be probative of any understanding between the parties.

[3] Even if this paragraph would have permitted Plaintiff to compel Defendants to arbitrate this dispute in Los Angeles, Plaintiff has waived this provision by filing the instant action. See Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388, 390 (7th Cir. 1995).

[4] While Plaintiff does not even attempt to argue that this paragraph applies, we note that Plaintiff's complaint seeks nearly $100,000 in damages, and thus would well-exceed the $5,000 jurisdictional limit for a small claims action in California. See Cal. Code of Civil Proc. § 116.220(a).

2

complaint only alleges three claims, two for breach of contract, and one common count for money due. No copyright claim is alleged. Thus, nothing in this paragraph establishes an agreement to litigate disputes such as the current one in the Central District of California either.

As Plaintiff's invoices do not contain any forum-selection provision for basic contract disputes over the small claims court jurisdictional limit, we fail to see how these invoices evidence any prior course of dealing or practice which would require Defendants to litigate this suit in this forum.

Accordingly, we conclude that Plaintiff has not made even a prima facie showing that personal jurisdiction exists in this matter. See Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). As such, Defendants' motion to dismiss for lack of personal jurisdiction is hereby **GRANTED**.

IT IS SO ORDERED.

**MINUTES FORM 11**
**CIVIL-GEN**                              Initials of Deputy Clerk